**E-FILED**
Friday, 19 June, 2009  02:30:33 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| KENNETH JAY RANEY,            ) | |
|                               ) | |
|          Plaintiff,           ) | |
|                               ) | |
|     v.                        ) | |
|                               ) | Case No. 09-1149 |
| M. WHEELER, former Unit Manager ) | |
| Missouri Unit 1 F.C.I. Pekin, et al., ) | |
|                               ) | |
|                               ) | |
|          Defendants.          ) | |

## ORDER

Before this Court is Plaintiff's Motion for Reconsideration, filed as a "Motion of Objection and Request to Vacate or Set Aside Judgment and Reopen case" [#7], and Plaintiff's Motion to Clarify 1915 Withdraw Order [#8].  For the reasons stated below, the Court DENIES both of Plaintiff's Motions.

## BACKGROUND

Plaintiff filed his complaint as a Title VII case, using the Title VII form provided by the Court for *pro se* parties.  Plaintiff alleged that while he was incarcerated at FCI Pekin, he was denied various prison employment opportunities with Unicor[1].  He stated

---

[1] Federal Prison Industries (commonly referred to as FPI or by its trade name UNICOR) is a wholly-owned, Government corporation established by Congress on June 23, 1934.  Its mission is to employ and provide job skills training to the greatest practicable number of inmates confined within the Federal Bureau of Prisons; contribute to the safety and security of our Nation's Federal correctional facilities by keeping inmates constructively occupied; produce market-priced quality goods and services for sale to the Federal Government; operate in a self-sustaining manner; and minimize FPI's impact on private business and labor. *See* http://www.bop.gov/inmate_programs/unicor.jsp

that the priority for these jobs went to the following: those who had previously worked for Unicor had first priority, followed by those who had been ordered to pay fines by the courts, and finally, the remaining individuals were placed on a waiting list.  Plaintiff alleged that FCI Pekin discriminated against him when it failed to give him priority based on the fact that he had student loan payments.  Plaintiff alleges that FCI Pekin's policy is discriminatory because it does not classify student loan payments as a fine.

The Court dismissed Plaintiff's claim because Plaintiff failed to raise a constitutional issue.  The Court found that there is no property interest in employment for prisoners, under federal or Illinois law. *Wallace v. Robinson*, 940 F.2d 243 (7th Cir. 1991) (en banc), cited in *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000).  Therefore, the Court reasoned that the alleged prison's priority practice did not deprive a prisoner of liberty or procedural due process.  In addition, there was no equal protection claim relating to prison employment because Plaintiff did not assert that the employment decisions were being made on a suspect basis such as race or that he has been treated differently than persons of a different race.  In addition, there was no First Amendment retaliation claim arising out of prison employment because Plaintiff did not allege that any conduct against him arose out of his filing of a grievance or some other form of protected speech or exercise of some constitutionally protected right.  The Court concluded that Plaintiff's complaint failed to state a claim, under Title VII or under §1983, upon which relief may be granted.

Thereafter, Plaintiff filed his motion of objection (motion to reconsider) and motion to clarify his payment of court fees.

A.      **Motion to Reconsider**

First, Plaintiff moves to alter the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  Rule 59(e) requires that a motion to alter or amend a judgment be filed no later than 10 days after entry of judgment.  Here, the Judgment was entered on May 15, 2009, and Plaintiff did not file his motion until June 15, 2009.  Accordingly, relief under Rule 59(e) is not available to Plaintiff because Plaintiff failed to file this motion in a timely manner.

Plaintiff also seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) allows a party to request reconsideration of a judgment. *See Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008).  Relief pursuant to Rule 60 is extraordinary. *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2008).  The rule specifies the relief that is available and must be adhered to strictly. *In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000).  In relevant part, a court may relieve a party from a final judgment or order based upon, among other reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party....

*See* Rule 60(b) of the Federal Rules of Civil Procedure. "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.1987) (internal citation omitted).  Rule 60 may not be used to correct errors of law in the underlying decision. *Swam v. United States*, 327 F.2d 431 (7th Cir. 1964); *Hahn v.*

- 3 -

*Becker*, 551 F.2d 741 (7th Cir. 1977); *Bell v. Eastman Kodak*, 214 F.3d 798 (7th Cir. 2000).   Additionally, a motion to reconsider brought pursuant to Rule 60(b) is not a substitute for filing an appeal. *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008).

Plaintiff is mistaken when he contends in his motion that this Court stated that he had not exhausted his administrative remedies.  The Court neither stated that Plaintiff failed to exhaust his administrative remedies nor based its dismissal on the exhaustion (or lack thereof) of the administrative remedies.   The Court dismissed Plaintiff's complaint because he failed to state a claim under either Title VII or under §1983.

"To establish a prima facie case of discrimination under the equal protection clause, [a plaintiff is] required to show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class." *McNabola v. Chicago Transit Auth.,* 10 F.3d 501, 513 (7th Cir.1993) (internal quotations omitted).   Title VII prohibits an employer from discriminating against an individual because of "race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2.  Plaintiff fails to demonstrate why he, an individual who has student loan debt, is a member of a protected class. While Plaintiff may disagree with the Court and file a timely appeal, it is not appropriate to bring this motion to reconsider.  Accordingly, Plaintiff's motion to reconsider is denied.

**B.      Motion to clarify payment of court fees**

Plaintiff's second motion involves the manner in which the trust fund officer at the prison garnishes his account for payment of filing fees to the United States District Court for the Central District of Illinois.  In the Court's May 15, 2009, Order, the Court directed

the agency having custody of Plaintiff to remit the docketing fee of $350.00 from Plaintiff's prison trust fund account if such funds are available.  If Plaintiff does not have $350.00 in his trust fund account, the Court directed the agency to send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; and thereafter directed the agency to forward monthly payments from Plaintiff's trust fund account to the Clerk of the Court each time Plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.

Plaintiff states that he "has no problem paying the costs from any income he receives" but objects to having his fee be taken from "money sent to him as a gift or to put on the phone for pre-paid calls."  He asks the Court to clarify its Order so that "only the money received as pay for work performed at USP Marion or any job, not money received from friends or family" would go towards his court docketing fee.

The Court of Appeals for the Seventh Circuit has addressed this issue:

> Congress did not define the term "income" in § 1915(b), but it used several related terms: "income," "deposits," and "amount in the account".  These seem to be used as synonyms, which implies that "income" means "all deposits".  A prison therefore "shall forward" (§ 1915(b)(2)) 20% of whatever sums enter a prison trust account, disregarding the source. That some receipts are gifts or bequests from family members does not shelter them from § 1915(b)(2), as the prison seems to have supposed. *Lucien v. DeTella,* 141 F.3d 773, 776 (7th Cir.1998).

Accordingly, the trust fund officer can take 20 percent of the current balance of all deposits from Plaintiff's trust fund account.  Plaintiff's motion regarding his court filing fees is without merit, and it is denied.  The Court notes that if Plaintiff chooses to appeal, he will be liable for the $455.00 appellate filing fee, irrespective of the outcome of the appeal, in addition to the $350 filing fee he has already incurred.

**CONCLUSION**

For the reasons set forth herein, the Court DENIES Plaintiff's Motion for Reconsideration, filed as a "Motion of Objection Request to Vacate or Set Aside Judgment and Reopen case" [#7], and DENIES Plaintiff's Motion to Clarify 1915 Withdraw Order [#8].

ENTERED this 19th day of June, 2009.

Michael M. Mihm
Michael M. Mihm
United States District Judge